IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>MARGIN RACING INC. (F/K/A MBRP, INC.) and MBRP, LTD.,<br><br>    *Defendants*. | Civ. No.  3:26-cv-00129-RLY-CSW |

**STIPULATION OF SETTLEMENT**

**TABLE OF CONTENTS**

I.    JURISDICTION AND VENUE ................................................................................. 2
II.   APPLICABILITY ................................................................................................... 3
III.  DEFINITIONS ........................................................................................................ 3
IV.   CIVIL PENALTY .................................................................................................... 4
V.    STIPULATED PENALTIES ................................................................................... 5
VI.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ............................... 7
VII.  COSTS ..................................................................................................................... 8
VIII. NOTICES ................................................................................................................ 8
IX.   EFFECTIVE DATE ............................................................................................... 10
X.    RETENTION OF JURISDICTION ....................................................................... 10
XI.   TERMINATION .................................................................................................... 10
XII.  SIGNATORIES/SERVICE ................................................................................... 10
XIII. INTEGRATION .................................................................................................... 11
XIV.  HEADINGS ........................................................................................................... 11
XV.   FINAL JUDGMENT ............................................................................................. 11

i

Plaintiff, United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a Complaint in this action concurrently with this Stipulation of Settlement.  The Complaint alleges that the Defendants, MarGin Racing Inc. (*f/k/a* MBRP, Inc.) and MBRP, Ltd., violated Section 203(a) of the Clean Air Act, 42 U.S.C. § 7522(a).

The Complaint alleges that, from August 2018 to July 2019, the Defendants sold and/or offered to sell now-discontinued products, including through automotive part distributors in the United States and the State of Indiana, and that these products constitute illegal "Aftermarket Defeat Devices" because they bypass, defeat, or render inoperative emission controls installed on motor vehicles or motor vehicle engines in violation of Section 203(a)(3)(B) of the Clean Air Act, 42 U.S.C. § 7522(a)(3)(B).

Title II of the Clean Air Act sets standards to control the emission of air pollution from motor vehicles and engines (known as "mobile sources" of air pollutants).  Clean Air Act Section 203(a)(3)(B), 42 U.S.C. § 7522(a)(3)(B), thus prohibits any person from manufacturing, selling, offering for sale, or installing any part of or component intended for use with, or as part of, any motor vehicle or motor vehicle engine, where a principal effect of the part of component is to bypass, defeat, or disable emissions controls designed to comply with the Clean Air Act's emissions standards.  42 U.S.C. §§ 7521(a), 7522(a).

The Defendants have ceased selling the now-discontinued parts listed in the Complaint and have agreed not to sell such parts in the United States going forward.

 The Defendants have taken significant steps to ensure that other automotive parts they sell are accurately described and advertised, including by updating instruction manuals and advertising.

The Defendants do not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

The Parties recognize, and the Court by entering this Stipulation of Settlement finds, that this Stipulation of Settlement has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Stipulation of Settlement is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided above and in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.   JURISDICTION AND VENUE

1.   This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 204 and 205(b) of the Clean Air Act, 42 U.S.C. §§ 7523-7524(b).  Venue lies in this District pursuant to 42 U.S.C. §§ 7523 and 7524(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because some of the alleged violations occurred in this judicial district.

2.   For purposes of this Stipulation of Settlement only, the Defendants consent to the Court's jurisdiction over the Parties and this Stipulation of Settlement, over any action to enforce this Stipulation of Settlement, and to venue in this judicial district.

3.   For purposes of this Stipulation of Settlement only, the Defendants agree that the Complaint states claims upon which relief may be granted pursuant to Sections 203, 204, and 205(b) of the CAA, 42 U.S.C. §§ 7522-7524(b), and Fed. R. Civ P. 12(b)(6).

## II.    APPLICABILITY

4.      The obligations of this Stipulation of Settlement apply to and are binding upon the United States, and upon the Defendants, jointly and severally, and any successors, assigns, or other entities or persons otherwise bound by law. Any change in the Defendants' ownership or corporate status shall not alter their obligations hereunder.

5.      In any action to enforce this Stipulation of Settlement, the Defendants shall not raise as a defense the failure by any of their officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Stipulation of Settlement.

## III.    DEFINITIONS

6.      Terms used in this Stipulation that are defined in the Clean Air Act or in regulations promulgated pursuant to the Clean Air Act have the meanings assigned to them in the Clean Air Act or such regulations, unless otherwise provided in this Stipulation.  Whenever the terms set forth below are used in this Stipulation of Settlement, the following definitions apply:

"Complaint" means the complaint filed by the United States in this action;

"Day" means a calendar day unless expressly stated to be a business day.  In computing any period of time for a deadline under this Stipulation of Settlement, where the last day would fall on a Saturday, Sunday, or federal holiday, the period runs until the close of business of the next business day;

"Defendants" or "MBRP" means MarGin Racing Inc. (*f/k/a* MBRP, Inc.) and MBRP, Ltd.;

"DOJ" means the United States Department of Justice and any of its successor departments or agencies;

3

"EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies;

"Effective Date" means the definition provided in Section IX;

"Paragraph" means a portion of this Stipulation identified by an Arabic numeral;

"Parties" means the United States and Defendants;

"Section" means a portion of this Stipulation identified by a Roman numeral;

"Stipulation of Settlement" means this Stipulation; and

"United States" means the United States of America, acting on behalf of EPA.

## IV.    CIVIL PENALTY

7.    Within 30 Days after the Effective Date, the Defendants must pay the sum of $670,379.25 as a civil penalty, together with interest accruing from the date on which the Stipulation of Settlement is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

8.    The Defendants must pay the civil penalty due, together with interest, by FedWire Electronic Funds Transfer ("EFT") to the DOJ account, in accordance with instructions provided to the Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Southern District of Indiana after the Effective Date.  The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Defendants must use to identify all payments required to be made in accordance with this Stipulation of Settlement.  The FLU will provide the payment instructions to:

Josh Barkey, COO
MBRP Ltd.
315 Old Ferguson Road
Huntsville, ON, Canada P1H 0H2
Tel: (705) 788-2845
E-Mail: josh.barkey@mbrp.com

4

on behalf of the Defendants.  The Defendants may change the individual to receive payment instructions on its behalf by providing written notice of such change to DOJ and EPA in accordance with Section VIII (Notices).

9.      At the time of payment, Defendants must send notice that payment has been made: (i) to EPA via email at cinwd_acctsreceivable@epa.gov and (ii) to DOJ and EPA via email in accordance with Section VIII (Notices).  Such notice must state that the payment is for the civil penalty owed pursuant to the Stipulation of Settlement in *United States v. Margin Racing Inc. (F/K/A MBRP, Inc.), et al.* and must reference the civil action number, CDCS Number, and DOJ case number: 90-5-2-1-12694/1.

10.     The Defendants must not deduct any penalties paid under this Stipulation of Settlement pursuant to this Section or Section V (Stipulated Penalties) in calculating their federal income tax.

## V.     STIPULATED PENALTIES

11.     The Defendants are jointly and severally liable for stipulated penalties to the United States for violations of this Stipulation of Settlement as follows.  If the Defendants fail to pay the civil penalty required to be paid under Section IV (Civil Penalty) when due, the Defendants must pay a stipulated penalty of $10,000 per Day for each Day that the payment is late.

12.     Stipulated penalties under this Section begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and continue to accrue until performance is satisfactorily completed or until the violation ceases.  Stipulated penalties accrue simultaneously for separate violations of this Stipulation of Settlement.

13.     The Defendants must pay any stipulated penalty within 15 Days of receiving the United States' written demand.

14.     The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Stipulation of Settlement.

15.     The Defendants must pay stipulated penalties owing to the United States in the manner set forth in Paragraph 8 and with the confirmation notices required by Paragraph 9, except that the transmittal letter must state that the payment is for stipulated penalties and must state for which violation(s) the penalties are being paid.

16.     If the Defendants fail to pay stipulated penalties according to the terms of this Stipulation of Settlement, the Defendants are liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for the Defendants' failure to pay any stipulated penalties.

17.     The payment of penalties and interest, if any, shall not alter in any way the Defendants' obligation to complete the performance of the requirements of this Stipulation of Settlement.

18.     <u>Non-Exclusivity of Remedy</u>.  Stipulated penalties are not the United States' exclusive remedy for violations of this Stipulation of Settlement.  Subject to the provisions of Section VI (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to seek any other relief it deems appropriate for the Defendants' violation of this Stipulation of Settlement or applicable law, including but not limited to an action against the Defendants for statutory penalties, injunctive relief, mitigation or offset measures, and/or contempt.  However, the amount of any statutory penalty assessed for a violation of this Stipulation of Settlement shall

be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Stipulation of Settlement.

## VI.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

19.   This Stipulation of Settlement resolves the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging.

20.   The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation of Settlement.  This Stipulation of Settlement shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Clean Air Act or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 19.  The United States further reserves all legal and equitable remedies to address any conditions if there is or may be an imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, the Defendants, whether related to the violations addressed in this Stipulation of Settlement or otherwise.

21.   In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to the Defendants' violations, the Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, claim preclusion (res judicata), issue preclusion (collateral estoppel), claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 19.

22.   This Stipulation of Settlement is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  The Defendants are responsible for

7

achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and the Defendants' compliance with this Stipulation of Settlement shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Stipulation of Settlement, warrant or aver in any manner that the Defendants' compliance with any aspect of this Stipulation of Settlement will result in compliance with provisions of the Clean Air Act, 42 U.S.C. § 7521 *et seq.*, or with any other provisions of federal, State, or local laws, regulations, or permits.

23.     This Stipulation of Settlement does not limit or affect the rights of the Defendants or of the United States against any third parties, not party to this Stipulation of Settlement, nor does it limit the rights of third parties, not party to this Stipulation of Settlement, against the Defendants, except as otherwise provided by law.

24.     This Stipulation of Settlement shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Stipulation of Settlement.

## VII.   COSTS

25.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by the Defendants.

## VIII.   NOTICES

26.     Unless otherwise specified in this Stipulation of Settlement, whenever notifications, submissions, or communications are required by this Stipulation of Settlement,

they must be made in writing and sent by mail or email (with a preference for email), addressed as follows:

As to DOJ by email (preferred):    eescdcopy.enrd@usdoj.gov
                                   Re: DJ # 90-5-2-1-12694/1

As to DOJ by mail:                 EES Case Management Unit
                                   Environment and Natural Resources Division
                                   U.S. Department of Justice
                                   P.O. Box 7611
                                   Washington, D.C.  20044-7611
                                   Re: DJ # 90-5-2-1-12694/1

As to EPA by email only:           EPA Region 5
                                   Compliance Tracker
                                   Air Enforcement and Compliance Assurance Branch
                                   U.S. Environmental Protection Agency - Region 5
                                   r5airenforcement@epa.gov

As to MBRP:                        Josh Barkey, COO
                                   MBRP Ltd.
                                   315 Old Ferguson Road
                                   Huntsville, ON, Canada P1H 0H2
                                   Tel: (705) 788-2845
                                   E-Mail: josh.barkey@mbrp.com

                                   and

                                   Jon Welner
                                   Crowell & Moring LLP
                                   3 Embarcadero Center, 26th Floor
                                   San Francisco, CA 94920
                                   Tel: (415) 986-2800
                                   E-Mail: jwelner@crowell.com

27.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above or in Paragraph 8.

28.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing or transmission by email, unless otherwise provided in this Stipulation of Settlement or by mutual agreement of the Parties in writing.

## IX.     EFFECTIVE DATE

29.     The Effective Date of this Stipulation of Settlement shall be the date upon which this Stipulation of Settlement is entered by the Court or a motion to enter the Stipulation of Settlement is granted, whichever occurs first, as recorded on the Court's docket.

## X.     RETENTION OF JURISDICTION

30.     The Court retains jurisdiction over this case until termination of this Stipulation of Settlement for the purposes of effectuating or enforcing compliance with the terms of this Stipulation of Settlement.

## XI.     TERMINATION

31.     After the Defendants have: a) paid the civil penalty and b) paid any accrued stipulated penalties as required by this Stipulation, this Stipulation will be terminated.  After receiving all amounts due under this Stipulation, the United States will file a notice with the Court stating that full payment has been made and requesting that the Stipulation be terminated.

## XII.     SIGNATORIES/SERVICE

32.      Each undersigned representative of the Defendants and of the Principal Deputy Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice identified on the DOJ signature page below, certifies that that person is fully authorized to enter into the terms and conditions of this Stipulation of Settlement and to execute and legally bind the Party that person represents to this document.

10

33.     This Stipulation of Settlement may be signed in counterparts, and its validity shall not be challenged on that basis.  The Defendants agree to accept service of process by mail with respect to all matters arising under or relating to this Stipulation of Settlement and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. The Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Stipulation of Settlement.

## XIII.   INTEGRATION

34.     This Stipulation of Settlement constitutes the entire agreement among the Parties regarding the subject matter of the Stipulation and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of the subject matter of the Stipulation herein.

## XIV.   HEADINGS

35.     Headings to the Sections and sub-Sections of this Stipulation of Settlement are provided for convenience and do not affect the meaning or interpretation of the provisions of this Stipulation of Settlement.

## XV.     FINAL JUDGMENT

36.     Upon approval and entry of this Stipulation of Settlement by the Court, this Stipulation of Settlement shall constitute a final judgment of the Court as to the United States and the Defendants.

**SO ORDERED** this 27th day of July 2026.

Kristine L. Seufert, Clerk

BY: _____
Deputy Clerk, U.S. District Court

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

11

PAGE INTENTIONALLY LEFT BLANK

**FOR THE UNITED STATES OF AMERICA**

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Trial Attorney:

STEVEN D. SHERMER
District of Columbia Bar No. 486394
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 532-5045
Steven.Shermer@usdoj.gov

THOMAS E. WHEELER II
United States Attorney
Southern District of Indiana

By:    */s/ Joi Kamper*
Joi Kamper
Assistant United States Attorney

13

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:


ERIK
OLSON

Digitally signed by ERIK
OLSON
Date: 2026.06.15
14:41:25 -05'00'

ROBERT A. KAPLAN
Regional Counsel
U.S. Environmental Protection Agency, Region 5

JAMES BONAR-
BRIDGES

Digitally signed by JAMES
BONAR-BRIDGES
Date: 2026.06.08
09:57:50 -05'00'

JAMES BRIDGES
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
Office of Regional Counsel

14

FOR DEFENDANT MARGIN RACING INC. (*F/K/A* MBRP, INC.):

APRIL 01/26
Date

_____
Martin Barkey
President

FOR DEFENDANT MBRP, LTD.:

_____
Date

_____
Peter Dowse
Chairman and Vice President

15

FOR DEFENDANT MARGIN RACING INC. (*F/K/A* MBRP, INC.):

_____

Date

_____

Martin Barkey
President

FOR DEFENDANT MBRP, LTD.:

 2026-04-02

_____

Date

Peter Dowse
Chairman and Vice President

15